UNITED STATES of America, Plaintiff–Appellee,

v.

Frank **FERNANDEZ,** Defendant–Appellant.

No. 87–5028.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 23, 1987 *.

Decided Feb. 19, 1988.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Thomas A. Hagemann, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Joseph F. Walsh, Los Angeles, Cal., for defendant-appellant.

Before BROWNING, Chief Judge, SKOPIL, and KOZINSKI, Circuit Judges.

PER CURIAM:

Frank Fernandez was indicted and tried for bank robbery in violation of 18 U.S.C. § 2113(a). In cross-examination of F.B.I. Agent Thomas Bateman, defense counsel sought to elicit a post-arrest statement Fernandez made to Bateman in which Fernandez denied committing the robbery. The court sustained the government's objection that the question sought to elicit hearsay.

Since the statement was not to be used against Fernandez, Fernandez acknowledges it was not admissible under the exception to the hearsay rule found in Rule 801(d)(2)(A), Federal Rules of Evidence. *United States v. Palow,* 777 F.2d 52, 56 (1st Cir.1985).

Fernandez contends his post-arrest statement was not hearsay because it was not offered for the truth of its contents, but to forestall any assumption that he had admitted guilt by silence. Since the government made no suggestion that Fernandez's silence was significant and did not introduce evidence that an accusatory statement was made in Fernandez's presence or that he failed to respond to such a statement—prerequisites to inferring an admission by silence, *see United States v.*

*Moore,* 522 F.2d 1068, 1075 (9th Cir.1975)— Fernandez's justification for eliciting the statement is unconvincing.

Fernandez was not prevented from introducing his denial—he could have testified to the statement himself. He chose not to testify. It seems obvious defense counsel wished to place Fernandez's statement to Bateman before the jury without subjecting Fernandez to cross-examination, precisely what the hearsay rule forbids. *See* Fed.R.Evid. 801(c); *United States v. Willis,* 759 F.2d 1486, 1501 (11th Cir.1985).

Fernandez argues exclusion of the statement violated his due process rights, relying upon *United States v. Benveniste,* 564 F.2d 335 (9th Cir.1977). In this case, unlike *Benveniste,* the government did not introduce any allegedly inculpatory hearsay statement by Fernandez; therefore due process does not require that Fernandez be allowed to present exculpatory hearsay statements.

AFFIRMED