**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Richard W. MILLER,**
**Defendant–Appellant.**

**No. 86–5200.**

United States Court of Appeals,
Ninth Circuit.

Aug. 25, 1989.

Before NELSON, REINHARDT and O'SCANNLAIN, Circuit Judges.

## ORDER

In its petition for rehearing in this case, the government claims that Miller himself requested that the polygraph evidence be tailored in a manner that included the specific questions and answers, and that this court should therefore apply the plain error standard of Fed.R.Crim.P. 52(b). We reject this argument since nothing in the record indicates that Miller made such a request. The government's claim is based on its assertion that, during the final minutes of a pretrial hearing on July 31, 1985, Miller requested that the trial court limit the introduction of the polygraph testimony in certain respects. However, this portion of the hearing was never transcribed, and the parties vigorously contest what occurred during these few minutes. On October 4, 1988, we denied the government's motion to supplement the record with regard to these "lost" few minutes.

Furthermore, even conceding that the defense made the particular requests that the government claims were made, we do not think that such action can be interpreted as a waiver of objection to the extent of polygraph testimony that the government *sought to introduce.* The defense was clearly on record as objecting to the admission of such extensive polygraph testimony. The defense contended then, as on appeal, that the presentation of such evidence would be unduly prejudicial and contrary to Fed.R.Evid. 403. Under such circumstances, the defense's requests during the lost few minutes cannot be taken as anything more than an effort to clarify the

nature of the adverse ruling the district court had just handed down.

We also reject the government's suggestion that the plain error rule is applicable because, having lost the motion to exclude the polygraph evidence, the defendant failed affirmatively to come back with an additional request that the precise questions and answers be omitted. The case cited by the government in support of this contention, *United States v. Rogers*, 769 F.2d 1418, 1425 (9th Cir.1985), is inapposite. In *Rogers*, the appellant sought to challenge testimony to which no objection whatsoever had been made in the district court. By contrast, Miller objected strenuously to the introduction of the polygraph testimony, and he did so precisely on the grounds that its prejudicial effect outweighed its probative value.

The present case is much closer to *United States v. Morrow*, 537 F.2d 120 (5th Cir.1976), *cert. denied*, 430 U.S. 956, 97 S.Ct. 1602, 51 L.Ed.2d 806 (1977). In *Morrow*, the defendants objected to the introduction into evidence of formal Judgments of Conviction from prior cases, which judgments were based on pleas of nolo contendere. The defendants objected on various grounds, including an argument that the admission of the Judgments violated the Fifth Circuit's rule against the use of nolo pleas in collateral proceedings, *see Mickler v. Fahs*, 243 F.2d 515 (5th Cir.1957). The district court overruled the objections and admitted the Judgments. On appeal, the government argued that the defendants could not raise the *Mickler* issue because, although the defendants objected to the introduction of the Judgments, they failed "to move specifically for deletion of the references to the nolo contendere pleas in the Judgments of Conviction." *Morrow*, 537 F.2d at 145 n. 38. The Fifth Circuit "emphatically" rejected this argument, noting that, in light of the timely objections to the evidence, the appellants "were certainly under no burden to assist the Government in making that evidence properly admissible." *Id.* Similarly, having properly objected to the polygraph evidence on Rule 403 grounds, Miller was under no obli-

gation to assist the government in properly tailoring the evidence so that it might be made admissible. *Cf. United States v. Hashimoto*, 878 F.2d 1126, 1124–1135 (9th Cir.1989) (a defendant does not have "a continuing, affirmative obligation to try to undo the effect of an earlier erroneous ruling to which a proper objection has already been made").

Regardless of the standard of review, the government also contends that the introduction of the specific questions and answers was essential in order to allow the jury to evaluate the government's claim that Miller's various admissions were precipitated by the fact that he was told that he had failed several polygraph questions. In particular, the government argues that Miller's admissions were "interspersed" among the three polygraph examinations that were given, and that therefore the introduction of the specific questions was necessary in order to explain the "true" sequence of events. We disagree. Although Miller's various admissions were indeed chronologically interspersed with the three polygraph exams, the record does not support the government's assertion that it was therefore necessary to introduce the specific questions and answers.

The members of the panel that decided this case voted unanimously to deny the petition for rehearing, and voted unanimously to reject the suggestion for rehearing en banc. The full court has been advised of the suggestion for rehearing en banc, and no judge of the court has requested a vote on the suggestion for rehearing en banc. Fed.R.App.P. 35(b).