974 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mario Alberto VALLEJO, Defendant-Appellant.
 No. 91-50670.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 9, 1992.
Decided Sept. 15, 1992.
 
 Before FARRIS, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mario Alberto Vallejo appeals his convictions following a jury trial for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and for importing a firearm in violation of 18 U.S.C. § 922(l). We reverse and remand for a new trial.
 
 BACKGROUND
 
 3
 Mario Alberto Vallejo was apprehended by United States Customs officers as he attempted to cross the border in his car from Mexico into the United States. The Customs officers had the car searched by a dog trained to detect contraband. While searching the front seat, the dog began scratching at the center console between the driver's and passenger's seats. A Customs officer removed the console cover and discovered a loaded .38 caliber revolver. Vallejo was arrested and taken to the San Diego offices of the Bureau of Alcohol, Tobacco and Firearms (ATF). After he was read his rights, Vallejo agreed to talk to the officers.
 
 
 4
 Vallejo told the ATF officers that he owned the car, but that he did not know that the gun was in the car. He stated that he had loaned the car to a friend, Victor Aguilar, a few days earlier and that it was not returned to him until the day he went to Mexico. He also offered to sell the car to an ATF officer "if the matter could be resolved."
 
 
 5
 Before trial, the Government made a motion in limine to restrict Vallejo's cross examination of an ATF officer, Agent Roberts. The motion was granted. At trial, Agent Roberts testified that he used a report to refresh his recollection of his interview with Vallejo before taking the stand. Agent Roberts testified as to his conversation with Vallejo, but did not mention the fact that Vallejo stated he had lent the car to Aguilar. Vallejo moved for leave to cross-examine Roberts about his exculpatory statements under Federal Rule of Evidence 612, and the district court denied the motion. Vallejo attempted to introduce Aguilar's testimony in the form of an affidavit. The court refused to admit it. Over Vallejo's objections, the government introduced evidence of a prior arrest for driving a car in which a firearm was concealed.[1] Vallejo was convicted on both counts of the indictment. Vallejo now appeals these evidentiary rulings as well as a jury instruction given by the court.
 
 STANDARD OF REVIEW
 
 6
 "The district court's construction of the Federal Rules of Evidence is a question of law subject to de novo review." United States v. Owens, 789 F.2d 750, 753 (9th Cir.1986), reversed on other grounds, 484 U.S. 554, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988). However, "[q]uestions of the admissibility of evidence which involve factual determinations, rather than questions of law, are reviewed for an abuse of discretion." Id. See, e.g., United States v. Ayers, 924 F.2d 1468, 1472 (9th Cir.1991) (admission of evidence under Rule 404(b) is reviewed for abuse of discretion); United States v. Slaughter, 891 F.2d 691, 697 (9th Cir.1989) (district court's decision to exclude testimony is reviewed for an abuse of discretion), cert. denied, --- U.S. ----, 112 S.Ct. 3053, 120 L.Ed.2d 919 (1992); Dres v. Campoy, 784 F.2d 996, 998 (9th Cir.1986) (district court's decision that a witness is unavailable is reviewed for an abuse of discretion). An evidentiary ruling will not be reversed unless the "nonconstitutional error ... more likely than not ... affect[ed] the verdict." United States v. Emmert, 829 F.2d 805, 808 (9th Cir.1987).
 
 DISCUSSION
 I. Vallejo's Exculpatory Statements
 
 7
 Appellant advances two arguments in favor of the admissibility of his exculpatory statements. First, he claims that the district court erred by concluding that the rule of completeness, Federal Rule of Evidence 106, does not require the inclusion of these statements. Second, he claims that the district court erred by not permitting cross-examination of a government witness under Federal Rule of Evidence 612 after the witness used a document to refresh his recollection before testifying. Because we conclude that the district court committed reversible error by not permitting cross-examination under Rule 612, we find it unnecessary to reach Vallejo's argument regarding admissibility under Rule 106 or the common-law doctrine of completeness.
 
 
 8
 Although the district court properly granted the government's motion in limine with respect to the Vallejo's exculpatory statements to Agent Roberts because those statements were inadmissible hearsay, see United States v. Fernandez, 839 F.2d 639, 640 (9th Cir.), cert. denied, 488 U.S. 832, 109 S.Ct. 89, 102 L.Ed.2d 65 (1988), the district court erred by not permitting Vallejo to cross-examine Agent Roberts about the statements once the agent used a report which memorialized the statements to refresh his recollection. Federal Rule of Evidence 612 provides that if a witness uses a writing to refresh his memory for the purpose of testifying "the adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce into evidence those portions which relate to the testimony of the witness." Fed.R.Evid. 612. Where, as here, the witness uses the writing to refresh his recollection before testifying, the adverse party may be able to cross-examine the witness about it and to enter relevant portions of it into evidence, "if the court in its discretion determines it is necessary in the interests of justice." Id.; cf. United States v. Wright, 489 F.2d 1181, 1188-89 (D.C.Cir.1973).
 
 
 9
 Vallejo's statement that he loaned the car to Aguilar is admissible under Rule 612 because the subject was broached during the government's direct examination of Agent Roberts. The prosecutor asked Agent Roberts "did he make any more remarks to you about the car?" Roberts responded by saying "yes" and by repeating one of those statements. One of the other statements which Vallejo made was that he had loaned the car. That statement was clearly related to the testimony of the witness and thus was admissible under Rule 612. Thus, the district court erred by not permitting Vallejo to cross-examine Agent Roberts on this area.
 
 
 10
 However, Vallejo's statement that he did not know that the gun was in the car is not admissible because Agent Roberts did not testify about that subject. The only testimony relating to the gun was Agent Roberts's identification of the gun so that it could be entered into evidence. No questions were asked pertaining to any statements which Vallejo may have made about the gun. Thus, that exculpatory statement did not relate to the testimony of the witness and therefore is not admissible under Rule 612.
 
 
 11
 Having found error, we must determine whether it was prejudicial error. Emmert, 829 F.2d at 808. Vallejo's lack of knowledge of the presence of the gun in his car was the linchpin of his defense. His statements to Agent Roberts provided a reasonable explanation for the presence of the gun and Vallejo's lack of knowledge. Moreover, omission of the statement was likely to convey a false impression to the jury regarding Vallejo's defense. We find that the district court's refusal to permit Vallejo to cross-examine Agent Roberts about Vallejo's post-arrest statements concerning Aguilar's use of the car "more likely than not ... affect[ed] the verdict." Id. Thus, we reverse and remand for a new trial.[2]
 
 II. Exclusion of Aguilar's Affidavit
 
 12
 The district court refused to admit Aguilar's affidavit under the exception to the hearsay rule for admissions against interest by unavailable declarants. Fed.R.Evid. 804(b)(3). The court did not err by excluding the affidavit.
 
 
 13
 Three requirements must be met to admit hearsay under the Rule 804(b)(3) exception. The declarant must be unavailable; the statement must be against his penal, pecuniary, or proprietary interest; and it must be sufficiently corroborated by the circumstances that clearly indicate its trustworthiness. Slaughter, 891 F.2d at 697-98.
 
 
 14
 The court found that Aguilar was unavailable, but that his testimony was not sufficiently corroborated. Aguilar had told defense counsel that he would not comply with a subpoena because he had outstanding arrest warrants and he feared he would be detained if he appeared in court. A declarant is considered unavailable if he "persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so...." Fed.R.Evid. 804(a)(2). The government argues that Vallejo failed to demonstrate that he made good faith efforts to obtain Aguilar's presence. See United States v. Jones, 766 F.2d 412, 415-16 (9th Cir.1985). However, the government points to no evidence that rebuts Vallejo's claim that Aguilar absolutely refused to comply. Faced with this dearth of evidence of bad faith procurement of Aguilar's absence, the district court did not abuse its discretion in finding Aguilar unavailable for the purpose of Rule 804.
 
 
 15
 Nonetheless, despite having found that Aguilar was unavailable, the district court found that the declaration was not corroborated by circumstances clearly indicating its trustworthiness. Aguilar's affidavit was corroborated by Vallejo's post-arrest statements and evidence from Vallejo's son. These were insufficient to "clearly indicate the trustworthiness of the statement." Fed.R.Evid. 804(b)(3). First, all the statements (including Aguilar's) were made after Vallejo was arrested and for the purpose of releasing the car from the customs forfeiture order. Thus, the statements are tainted by bias. See United States v. Oropeza, 564 F.2d 316, 325 (9th Cir.1977), cert. denied, 434 U.S. 1080, 98 S.Ct. 1276, 55 L.Ed.2d 788 (1978). Second, Aguilar did not even seem to know that his statement was against his penal interest at the time it was made. Finally, Aguilar's declaration is factually inconsistent with Vallejo's offense. He states that he left a gun "under the dash," whereas the gun was found in a console between the driver's and passenger's seat. Given this evidence of lack of trustworthiness of Aguilar's declaration, the court did not abuse its discretion in refusing to admit it.
 
 
 16
 III. Admission of Evidence of Vallejo's 1984 Arrest
 
 
 17
 Federal Rule of Evidence 404(b) excludes evidence of other crimes, wrongs, or acts introduced to show that the defendant had a propensity to commit the crime charged. However, such evidence may be admitted under 404(b) if introduced for another purpose. It is permissible to introduce bad act evidence to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. Fed.R.Evid. 404(b). Before evidence of prior criminal conduct may be admitted, the proffered evidence must meet the following test: (1) there must be sufficient evidence to support a finding by a jury that the defendant committed a similar act; (2) the prior act must not be too remote in time; (3) the prior act must be sufficiently similar to the crime charged; and (4) the prior conduct must be admitted to prove an element of the offense charged. United States v. Miller, 874 F.2d 1255, 1268-69 (9th Cir.1989); see also United States v. Rubio-Villareal, 927 F.2d 1495, 1503 (9th Cir.1991), vacated in part on other grounds, 967 F.2d 294 (9th Cir.1992) (en banc).
 
 
 18
 Here, the district court admitted evidence of Vallejo's prior offense to prove his knowledge that a gun was concealed in the car. Vallejo argues that the admission was erroneous because the prior conduct was not sufficiently similar, the evidence of post-arrest statements made in 1984 were irrelevant, and evidence admitted to prove the prior act included a photocopy of Vallejo's "green card," which violated an order in limine excluding evidence of Vallejo's residency status.[3]
 
 
 19
 We find that the two offenses are sufficiently similar to support admission under Rule 404(b). Both instances (1) involved a gun hidden in a car; (2) that was easily accessible to the driver; (3) both guns were loaded; (4) both were .38 caliber; and (5) both times Vallejo was the driver. Although Vallejo admitted at the time of his 1984 arrest that he had a gun and had concealed it, whereas he denied knowledge of the gun after his 1990 arrest, the prior bad act--possessing and concealing a weapon--is identical to the charged offense. The district court did not abuse its discretion when it decided that the offenses were sufficiently similar to permit evidence of Vallejo's 1984 arrest.
 
 IV. Vallejo Jr.'s Juvenile Felony Conviction
 
 20
 Vallejo argues that the district court abused its discretion by referring to Vallejo Jr.'s juvenile felony conviction in its jury instructions. We disagree.
 
 
 21
 We examine jury instructions to determine "whether or not the instructions taken as a whole were misleading...." United States v. Kessi, 868 F.2d 1097, 1101 (9th Cir.1989). Moreover, "the trial court has substantial latitude [in fashioning the instructions] so long as the instructions fairly and adequately cover the issues presented." United States v. Bordallo, 857 F.2d 519, 527 (9th Cir.1988), amended on other grounds, 872 F.2d 334, cert. denied, 493 U.S. 818, 110 S.Ct. 71, 107 L.Ed.2d 38 (1989). It is not reversible error unless the defendant has been prejudiced by the instructions. United States v. Belgard, 894 F.2d 1092, 1095 (9th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 164, 112 L.Ed.2d 129 (1990).
 
 
 22
 Here, the government admits that the instruction was factually erroneous--Vallejo Jr. was a minor at the time of his offense, thus he was not convicted of a felony, although the crime he committed would have been a felony had he been an adult--but argues that the error was harmless. We agree. Although the instruction was factually erroneous, it did not prejudice Vallejo. The instruction merely addressed the jury's credibility determination of his son's testimony. It did not go to an element of the offense or a part of the defense that the jury had to find to convict or acquit.
 
 
 23
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In that incident, Vallejo was initially charged with carrying a concealed weapon in a vehicle, but that charge was dismissed in exchange for a plea to possession of stolen property
 
 
 [2]
 Although we find that the other evidentiary issues raised by Vallejo do not amount to reversible error, we briefly address each of them to guide the district court in the event of a retrial
 
 
 [3]
 Since Vallejo sought to introduce his 1984 post-arrest statements at trial, he is precluded from now arguing that it was error to do so. See United States v. Benny, 786 F.2d 1410, 1416 (9th Cir.), cert. denied, 479 U.S. 1017, 107 S.Ct. 668, 93 L.Ed.2d 720 (1986) (invited error doctrine). Nonetheless, we agree that the 1984 post-arrest statements were not relevant and thus should not have been admitted, but we find that the admission of this evidence was not prejudicial error. Moreover, admission of the green card, in effect, violated the in limine order. We assume that in the event of a retrial this evidence would not be admitted