15 F.3d 1092
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee
v.
Ronald Allen KEMPER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee
v.
Joseph Nicholas ALAGO, Defendant-Appellant.
 Nos. 93-50223, 93-50272.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 5, 1994.*
Decided Jan. 26, 1994.
 
 1
 Before: GOODWIN and HALL, Circuit Judges, and TANNER,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 Background
 
 3
 Ronald Kemper appeals his sentence under the Sentencing Guidelines imposed following his guilty plea to conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. Secs. 846 and 841(a)(1). Joseph Alago appeals his jury conviction for wrongful possession of a listed chemical in violation of 21 U.S.C. Secs. 841(d)(2), 802(33) and 802(34)(C). Jurisdiction in the district court was pursuant to 18 U.S.C. Sec. 3231. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 
 4
 We address each appellant's arguments in turn.
 
 A. Ronald Kemper
 
 5
 On appeal, Kemper challenges the district court's denial of his request for a two-point reduction for acceptance of responsibility pursuant to United States Sentencing Guidelines (hereafter U.S.S.G.) section 3E1.1(a).
 
 
 6
 The district court's determination that Kemper did not accept responsibility is reviewed for clear error. United States v. Gonzales, 897 F.2d 1018, 1019 (9th Cir.1990).
 
 
 7
 Section 3E1.1(a) of the Guidelines provides as follows:
 
 
 8
 (a) if the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by two levels.[1]
 
 
 9
 We reject Kemper's argument that the court failed to articulate a specific reason for denying acceptance in this case. In articulating its reasons for the denial, the court stated that Kemper did not accept responsibility, and that Kemper's repeated criminal conduct indicated lack of remorsefulness. Defendant's attempt to separate a consideration of "remorse" from any discussion of acceptance of responsibility is unpersuasive. Appellant's counsel first made reference to "remorse" in his remarks by characterizing the situation as one "where he has come forward and accepted responsibility, shown appropriate remorse." (ECR 51; RT 12).[2]
 
 
 10
 The government argued that Kemper had not voluntarily terminated his criminal conduct and instead turned around and committed the same type of crime. (ECR 52).
 
 
 11
 The Commentary Notes to Sec. 3E1.1 provide that one of the appropriate considerations for determining whether a defendant qualifies for an adjustment for acceptance is whether there has been "voluntary termination or withdrawal from criminal conduct or associations." U.S.S.G. Sec. 3E1.1, Application Note 1(a).
 
 
 12
 The district court specifically relied on this provision in denying an adjustment for acceptance of responsibility,[3] noting that defendant had engaged in additional criminal conduct after his entry of plea.
 
 
 13
 The Ninth Circuit has held that a district court may consider evidence of a defendant's continued criminal conduct to belie defendant's protestations of remorse and acceptance for the offense of conviction. United States v. Cooper, 912 F.2d 344, 348 (9th Cir.1990).
 
 
 14
 A reviewing court should give "great deference" to a lower court's conclusion regarding a finding of acceptance, disturbing it on appeal only if it is "without foundation". United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990) (citing U.S.S.G. Sec. 3E1.1 comment. (n. 5)).
 
 
 15
 We find that the district court's determination that Kemper is not entitled to a 2-point reduction for acceptance of responsibility is not clearly erroneous. We AFFIRM.
 
 B. Joseph Alago
 Motion In Limine under Fed.R.Evid. 404(b)
 
 16
 Prior to trial, defendant Alago sought by motion in limine to exclude testimony relating to prior cocaine transactions involving defendant and Jay Lennett occurring between March and May 1991. The government opposed the motion, arguing that the evidence was admissible under Federal Rule of Evidence 404(b) on the issues of intent and knowledge. The government argued alternatively that the evidence of prior cocaine dealing was admissible independent of Rule 404(b) as events inextricably intertwined with the contemporaneous criminal activities of the two men which resulted in their arrest. The trial court denied the motion, ruling that the evidence was relevant on the issue of knowledge.
 
 
 17
 Admission or exclusion of evidence is reviewed on appeal for an abuse of discretion. United States v. Crespo de Llano, 830 F.2d 1532, 1546 (9th Cir.1987); United States v. Miller, 874 F.2d 1255, 1260 (9th Cir.1989). Evidence of other crimes or acts relevant to an issue at trial is admissible unless it tends to prove only criminal disposition. United States v. McKoy, 771 F.2d 1207, 1213 (9th Cir.1985).
 
 
 18
 Evidence of prior bad acts can be admitted to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed.R.Evid. 404(b), See United States v. Houser, 929 F.2d 1369, 1373 (9th Cir.1990).
 
 
 19
 The Ninth Circuit has articulated a four-part test to determine admissibility of evidence pursuant to 404(b):
 
 
 20
 (1) there must be sufficient evidence to support a finding by the jury that the defendant committed the other act;[4]
 
 
 21
 (2) the crimes or acts must not be too remote;
 
 
 22
 (3) the prior conduct must in some cases be similar to the acts defendant is charged with; and
 
 
 23
 (4) the evidence must prove an essential element of the offense. United States v. Houser, 929 F.2d 1369, 1373 (9th Cir.1990), citing United States v. Miller, 874 F.2d 1255, 1268, reh'g denied, 884 F.2d 1149 (9th Cir.1989).
 
 
 24
 In this case, proof of the prior bad act is in the form of the testimony of co-defendant Jay Lennett, who was directly involved in the cocaine dealings with Alago. The acts occurred contemporaneously with Alago's ephedrine activities, and so are not too remote. The other acts involved cocaine dealing, while the charges of which defendant was convicted involved wrongful possession of a listed (precursor) chemical. Similarity, however, is not always required. United States v. Arambula-Ruiz, 987 F.2d 599, 603 (9th Cir.1993).
 
 
 25
 When offered to prove knowledge, the prior act need not be similar to the charged act as long as the prior act was one which would tend to make the existence of the defendant's knowledge more probable than it would be without the evidence. Id., citing United States v. Ramirez-Jimenez, 967 F.2d 1321, 1326 (9th Cir.1992). In this case, the district court admitted the evidence for the purpose of showing knowledge.
 
 
 26
 Finally, the other acts were relevant to show whether defendant possessed the ephedrine "knowing or having reason to believe" it would be used to manufacture methamphetamine. 21 U.S.C. Sec. 841(d)(2). It was logical for the jury to infer the requisite knowledge on the part of Alago because he was dealing with an individual whom he had previously been involved with in drug trafficking.[5] The evidence is admissible under Rule 404(b).
 
 
 27
 Balancing Test under Fed.R.Evid. 403.
 
 Federal Rule of Evidence 403 provides:
 
 28
 Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.
 
 
 29
 A district court decision balancing probative versus prejudicial value under Fed.R.Evid. 403 is reviewed for abuse of discretion. United States v. Houser, 929 F.2d at 1369, 1373, citing United States v. Feldman, 788 F.2d 544, 557 (9th Cir.1986).
 
 
 30
 The evidence is probative of Alago's knowledge of what the ephedrine was to be used for. Alago was aware of Lennett's dealing in drugs, had dealt drugs with him in the past, and neither Alago nor Lennett had a pharmaceutical background. Balancing the probative value of the evidence against its prejudicial effect, we find that the district courtdid not abuse its discretion in admitting this evidence. The district court also properly instructed the jury on the limited purpose for which the evidence was admitted.
 
 Downward Departure
 
 31
 Appellant argues that the district court erred in refusing to make a motion for downward departure due to substantial assistance to authorities pursuant to United States Sentencing Guidelines Sec. 5K1.1 solely because he exercised his right to a jury trial.
 
 
 32
 The Supreme Court has held that while Sec. 5K1.1 gives the government the power to depart, it does not create a duty to file a motion when a defendant has provided substantial assistance. Wade v. United States, --- U.S. ----, 112 S.Ct. 1840, 1843 (1992).
 
 
 33
 Alago claims that the government acted in bad faith in refusing to make a motion for downward departure under Guidelines Sec. 5K1.1.
 
 
 34
 Federal district courts have authority to review a prosecutor's refusal to file a substantial assistance motion and to grant a remedy if the refusal was based on an unconstitutional motive, or if refusal was not rationally related to any legitimate state objective. Wade v. United States, 112 S.Ct. at 1843-44.
 
 
 35
 The government stated unequivocably that the defendant's cooperation did not amount to substantial assistance, and was in fact, incomplete. The district court found defendant's testimony not credible, and rejected defendant's claim that the government acted in bad faith.
 
 
 36
 We do not find the trial court's decision to be clearly erroneous. AFFIRMED.
 
 
 
 *
 The panel unanimously finds these cases suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The 1990 edition of the Guidelines was utilized in this case
 
 
 [2]
 The Guidelines themselves make reference to the concept of remorse in Application Note 2. The notes indicate that an adjustment for acceptance is not intended to apply to a defendant who goes to trial, is convicted, and only then admits guilt and expresses "remorse."
 
 
 [3]
 The court stated: "I will find that he has not accepted responsibility pursuant to 3E1.1, Application Note (1)(a)."
 
 
 [4]
 The "clear and convincing" standard previously articulated in United States v. Bailleaux, 685 F.2d 1105 (9th Cir.1982), was replaced by the more lenient "sufficient evidence" rule in Huddleston v. United States, --- U.S. ----, 108 S.Ct. 1496, 1499 (1988)
 
 
 [5]
 The government argues that the prior drug offense tended to prove intent and knowledge. The trial court, however, admitted the testimony only on the basis of knowledge