28 F.3d 110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ben Edward TOMLIN, Defendant-Appellant.
 No. 93-10545.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 13, 1994.
Decided June 27, 1994.
 
 Before: GOODWIN, PREGERSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ben Edward Tomlin appeals his felon-in-possession conviction, 18 U.S.C. Sec. 922(g), and the district court's sentence of 30 months imprisonment. We have jurisdiction, 28 U.S.C. Sec. 1291; 18 U.S.C. Sec. 3742, and we affirm.
 
 
 3
 * Tomlin argues that the district court erred in denying his motion to suppress, because the officers failed to articulate a valid basis for the reasonable suspicion necessary to stop and detain him.[1] We disagree. Both officers testified that they observed Tomlin alone in his car, with the radio turned up, after midnight in a high-crime area. The officers thus had a reasonable, articulable suspicion for believing Tomlin was causing a disturbance in the residential complex and that they should investigate whether he was a resident. See Minnesota v. Dickerson, 113 S.Ct. 2130, 2140 (1993) (Scalia, J., concurring) (noting that, at common law, "it had long been considered reasonable to detain suspicious persons for the purpose of demanding that they give an account of themselves"). When the computer check of the name Tomlin provided came back negative, the officers had a reasonable basis for continuing to detain him until they could ascertain his true identity. See United States v. Richards, 500 F.2d 1025, 1029 (9th Cir.1974) (upholding temporary detention where defendant's "implausible and evasive responses to [the officers'] questions indicated that something was awry and created even more reason for the investigation being pursued further"), cert. denied, 420 U.S. 924 (1975).[2]
 
 
 4
 When Tomlin finally gave a truthful response, and when the computer check turned up the outstanding warrant, the officers had probable cause both to arrest him and to conduct a search of his vehicle incident to that arrest. New York v. Belton, 453 U.S. 454, 460-61 (1981). The district court did not err in denying the motion to suppress.
 
 II
 
 5
 Tomlin argues that the district court erred in several of its evidentiary rulings. First, he contends that the district court erred in admitting as prior consistent statements Norton's testimony at the suppression hearing and at the first trial that he had seen Tomlin driving through the complex. There was no abuse of discretion, because admitting Norton's prior statements was neither "unfair[ly] prejudic[ial]" nor capable of "misleading the jury." Fed.R.Evid. 403. See United States v. Miller, 874 F.2d 1255, 1274 (9th Cir.) (whether declarant had "no motive to fabricate" at time of prior statement is a matter for district court's discretion in considering whether admission of evidence is proper under Rules 402 and 403), reh'g en banc denied, 884 F.2d 1149 (9th Cir.1989).
 
 
 6
 Tomlin next argues that the district court erred in allowing the government to elicit from Apolinar that the facts in his police report were accurate, and in admitting the report into evidence. We considered, and rejected, a similar argument in United States v. Payne, 944 F.2d 1458, 1471 (9th Cir.1991) ("The consistent statements had probative force not merely because they demonstrated that [the victim] had repeated certain aspects of her story, but because they placed the inconsistencies brought out by [the defendant] in a broader context, demonstrating that the inconsistencies were a minor part of an otherwise consistent account."), cert. denied, 112 S.Ct. 1598 (1992).
 
 
 7
 Tomlin also argues that the court erred in redacting those sections of the police report containing Tomlin's statements denying knowledge of the guns and bullets under the rule of completeness, Fed.R.Evid. 106. We disagree, as Tomlin's statements in the report were self-serving hearsay. See United States v. Fernandez, 839 F.2d 639, 640 (9th Cir.) (per curiam) ("It seems obvious defense counsel wished to place [the defendant's] statement to [the officer] before the jury without subjecting [the defendant] to cross-examination, precisely what the hearsay rule forbids."), cert. denied, 488 U.S. 832 (1988). The rule in United States v. Dorrell, 758 F.2d 427 (9th Cir.1985), that where the government seeks to introduce a confession, the rule of completeness does not allow redaction of information "substantially exculpatory of the declarant," id. at 435, does not apply here, as the police report contains no confession.
 
 
 8
 Tomlin finally argues that the court erred in refusing to allow Williams to testify as to what Norton said during the March 22, 1993 interview that led Williams to conclude Norton was not confused as to the particular incident the two were discussing. However, defense counsel was permitted to ask, and received answers to, his questions regarding Williams's impression of Norton's lack of confusion during the interview. Tomlin's only complaint on appeal concerns the extent of the examination the district court permitted. We find no abuse of discretion in the court's limitation on questioning.
 
 III
 
 9
 Tomlin contends that the district court erroneously concluded that it lacked the discretion to grant a downward departure reflecting the one year and 87 days that Tomlin spent in custody between the time of his arrest and the indictment in this case. The district court's response to Tomlin's objection to the PSR simply indicates that Tomlin was not entitled to credit for his previous confinement, as Tomlin urged. Given the fact that the court sentenced at the mid-point of the applicable guideline range, there is no basis for supposing that the district court did not fully exercise its discretion. We therefore lack jurisdiction to review the district court's determination on this sentencing issue. United States v. Burnett, 16 F.3d 358, 361 (9th Cir.1994).
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For purposes of this appeal, we assume that Tomlin has standing to object to the seizure of the guns. See United States v. Bagley, 772 F.2d 482, 489 (9th Cir.1985), cert. denied, 475 U.S. 1023 (1986)
 
 
 [2]
 Tomlin's reliance on United States v. Luckett, 484 F.2d 89 (9th Cir.1973) (per curiam), is misplaced. Unlike Luckett, Tomlin was unable to produce identification to verify the name he gave the officers. The officers used the computer check to test the accuracy of Tomlin's information, not for the purpose of conducting an unrelated investigation