**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Araceli CHAVEZ, Defendant–Appellant.**

No. 00–50005.
D.C. No. CR–98–00651–DDP–4.

United States Court of Appeals,
Ninth Circuit.

Submitted March 7, 2001.*

Decided March 21, 2001.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.          R.App. P. 34(a)(2).

Before KOZINSKI and TALLMAN, Circuit Judges, and FOGEL,** District Judge.

MEMORANDUM ***

■ Once the government presents evidence of a conspiracy, "only a slight connection between the defendant and the conspiracy is necessary to convict the defendant of knowing participation in the conspiracy." *United States v. Hubbard,* 96 F.3d 1223, 1226 (9th Cir.1996). The government introduced ample evidence that there was a conspiracy to distribute illegal drugs. In addition to Chavez's knowledge, presence and conduct in the car during the interrupted drug deal, a subsequent search of the apartment shared by Chavez and a co-conspirator revealed substantial drug dealing paraphernalia including wrappers, scales, repackaging materials, coolers that had been used to carry drugs, and a piece of glass where the heroin had been cut on a table in the apartment which contained Chavez's fingerprint. A rational juror could have found the requisite connection to support Chavez's conviction for conspiracy. *See United States v. Power,* 881 F.2d 733, 737 (9th Cir.1989).

■ A rational juror could have also concluded that Chavez's conduct during the drug deal, the drug paraphernalia found in her apartment, and her finger-

print on a tool used for cutting the drugs were sufficient to support her conviction for possession with intent to distribute. *See United States v. Cervantes,* 219 F.3d 882, 893 (9th Cir.2000).

■ The government was not required to prove "use" under 18 U.S.C. § 924(c) because this section also provides for "carrying" a firearm during a drug trafficking offense. *See Muscarello v. United States,* 524 U.S. 125, 126–27, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998) (the statute "applies to a person who knowingly possesses and conveys firearms in a vehicle, including in the locked glove compartment or trunk of a car, which the person accompanies."). The government offered testimony that a loaded shotgun was found on the front passenger floorboard with the muzzle directed toward the floor, and that Chavez was sitting in the front passenger seat with the jacket concealing the firearm leaning against her left leg. Chavez admitted that she knew the gun was on the floorboard. A rational juror could have therefore concluded that Chavez violated the "carry" prong of 18 U.S.C. § 924(c).

■ The district court properly excluded the hearsay testimony of Chavez's common law husband claiming ownership of the heroin based on its findings that Chavez failed to show that the declarant was unavailable and that there were not corroborating circumstances clearly indicating the trustworthiness of the statement. *See* Fed.R.Evid. 804(b); *United States v. Hoyos,* 573 F.2d 1111, 1115 (9th Cir.1978). Similarly, the district court did not abuse its discretion in excluding evidence that was beyond the scope of direct examination and was inadmissible hearsay. *See*

---

** Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

**428**

*United States v. Fernandez,* 839 F.2d 639, 640 (9th Cir.1988).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.