**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30348 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00022-TOR-1 |
| v. | |
| VALENTIN CARDENAS GONZALES, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted
September 2, 2015—Seattle, Washington

Before: HAWKINS, GOULD, and N.R. SMITH, Circuit Judges.

Valentin Gonzales appeals his convictions for two counts of aggravated

sexual abuse of a minor, 18 U.S.C. § 2241(c), and two counts of abusive sexual

contact, 18 U.S.C. § 2244(a)(5). We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**1.** Because E.A. and K.A. testified at trial, the admission of other witnesses's testimony recounting their out-of-court statements that Gonzales touched them inappropriately did not violate the Confrontation Clause. *See Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004). Nor did the admission of Gonzales's own statements violate the Confrontation Clause. *See United States* v. *Romo-Chavez*, 681 F.3d 955, 961 (9th Cir. 2012) (citing *United States v. Nazemian*, 948 F.2d 522, 525–26 (9th Cir. 1991)). We also reject Gonzales's argument that his right to confrontation was violated when the district court precluded him from introducing, through cross-examination, exculpatory statements he made during an interview with the FBI, even though the court had admitted incriminating statements he made in the same interview. *United States v. Ortega*, 203 F.3d 675, 682–83 (9th Cir. 2000).[1]

Gonzales's opening brief did not argue that E.A.'s out-of-court statements about under-the-clothes touching, as recounted by Agent Knapp, were inadmissible

---

[1] Gonzales has not distinctly challenged this limitation as a violation of due process, so we do not discuss that issue. *Cf. United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988) (per curiam) (holding that exclusion of defendant's exculpatory hearsay statement did not violate due process because government did not introduce inculpatory hearsay statements by defendant); *United States v. Beneviste*, 564 F.2d 335, 339–42 (9th Cir. 1977) (holding that excluding declarant's exculpatory out-of-court statements while admitting her inculpatory out-of-court statements deprived defendant of a fair opportunity to defend himself).

hearsay under the Federal Rules of Evidence. On that basis alone, we could decline to consider the issue, but we exercise our discretion to review the issue because the state has fully briefed the issue and would suffer no prejudice.[2] *Andrews v. Davis*, 798 F.3d 759, 788–89 (9th Cir. 2015). Because Gonzales did not object to these statements at trial, we apply the four-part test for plain error.[3] *United States v. Lapier*, 796 F.3d 1090, 1096 (9th Cir. 2015) (citing *United States v. Marcus*, 560 U.S. 258, 262 (2010)).

The district court erred by admitting E.A.'s hearsay statement to the agent that she was touched under her clothing. That error was plain for the reason that follows: Prior consistent statements of a witness are admissible to rebut a charge of recent fabrication or improper motive or to rehabilitate the witnesses's credibility when attacked on another ground. Fed. R. Evid. 801(d)(1)(B). But this was not a prior consistent statement because E.A. testified at trial that Gonzales touched her over her clothes, which is inconsistent with Knapp's testimony that E.A. reported under-the-clothes touching.

---

[2] The government indicated in supplemental briefing that it would not be prejudiced by the panel reaching the issue.

[3] While Gonzales successfully objected to the government's attempt to introduce a transcript and videotape of forensic interviews with E.A. and K.A., he did not object to Agent Knapp's statements describing E.A.'s assertions that Gonzales touched her under her clothes.

This error was prejudicial and affected Gonzales's substantial rights, as without Knapp's testimony, the government likely would not have presented sufficient evidence to corroborate Gonzales's admission that he touched E.A. under her clothes. *See United States v. Norris*, 428 F.3d 907, 914–15 (9th Cir. 2005) (citing *United States v. Lopez-Alvarez*, 970 F.2d 583, 592 (9th Cir. 1992)); *United States v. Corona-Garcia*, 210 F.3d 973, 978 (9th Cir. 2000). Considering the total circumstances of this case, however, we conclude that the error does not "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." *Id.* (quoting *Marcus*, 560 U.S. at 262). We have no reason to believe that Agent Knapp's statement was unreliable, particularly because she made it after reviewing the interview transcript to refresh her memory about which child alleged under-the-clothes touching. Nor can we conclude that E.A.'s out-of-court statement to Knapp was unreliable, given both that her contradictory in-court statement may have merely reflected a disinclination to discuss the details of the abuse allegations[4] and that an FBI agent also testified at trial that Gonzales had previously confessed to him in an interview that Gonzales had touched E.A. under

---

[4] For instance, E.A. at one point testified that she did not know where Gonzales touched her, only to then clarify in response to government questioning that she just didn't want to talk about it.

her clothing.  Under these circumstances, we do not find the error to be so serious as to warrant reversal on plain error review.[5]

**2.**      The district court did not plainly err in its response to a juror's question about the intent required for the crimes charged.  The district court informed the jury that "the definition of sexual contact has a definition of the intent" on a particular page in the written jury instructions, and those instructions correctly described the required intent.  It is not clear from the transcript what the juror meant by then asking "does that count?" or what the district court meant when responding "[i]t's not necessary," but because the written instructions were correct and we have no reason to believe the jury disregarded those instructions based on the ambiguous commentary following the judge's correct response, Gonzales does not show plain error.  *See United States v. Ancheta*, 38 F.3d 1114, 1117 (9th Cir. 1994).

**3.**      Gonzales argues that the record lacks sufficient evidence for a rational jury to find (1) that Gonzales committed a sexual act with E.A. and (2) that N.B. was an Indian within the meaning of the Indian Major Crimes Act (IMCA).  We

---

[5] We do not consider whether Gonzales's trial counsel was constitutionally ineffective for failing to object to the admission of these hearsay statements. Gonzales may raise that issue through a habeas corpus petition where a record is made of the reasons for action or inaction of counsel.

consider all the evidence presented to the jury, whether properly admitted or not, when assessing the sufficiency of the evidence. *United States v. Preston*, 751 F.3d 1008, 1029 (9th Cir. 2014) (en banc). Gonzales's admission that he touched E.A. "skin-to-skin," resulting in an erection, and Knapp's testimony that E.A. told her that Gonzales placed his hand beneath her underwear were enough for a rational jury to conclude that a sexual act had occurred. 18 U.S.C. § 2246(2)(D).

The trial record also contains sufficient evidence that N.B. had a sufficient quantum of Indian blood and was affiliated with a federally recognized Indian tribe at the time of the charged conduct. *See United States v. Zepeda*, 792 F.3d 1103, 1113 (9th Cir. 2015) (en banc). Gonzales concedes that N.B. had sufficient Indian blood. Regarding tribal affiliation, N.B. lived on the Spokane Indian Reservation for three years and studied Salish, which she referred to as "our Indian language," in middle school. N.B. also received benefits through Indian Health Services, and her father was an enrolled member in the tribe. This evidence is sufficient to establish N.B. as an Indian under the IMCA. *See United States v. LaBuff*, 658 F.3d 873, 877 (9th Cir. 2011) (listing factors for analyzing tribal affiliation).

**AFFIRMED.**