# EX PARTE WM. SALGE, UPON APPLICATION TO BE DISCHARGED ON WRIT OF HABEAS CORPUS.

1   449
25   350

Section 10 of the Habeas Corpus Act, which prescribes what return shall be made to the writ, does not confine the party or officer making that return (and admitting he has the person named in the writ in his custody), to what is prescribed in either the second or third subdivision of that section, but his return may embrace matters mentioned in both subdivisions.

A judgment in a criminal case, showing the parties thereto the Court in which it was rendered, directing the term of imprisonment, the prison in which defendant is to be confined, and reciting the offense for which the prisoner is to be punished is all the statute requires.

A certificate of a Clerk showing that the judgment or sentence entered in the minutes of the Court is different from that which was orally delivered by the Judge proves nothing. The law does not authorize the Clerk to certify what the Judge may have said. He can only certify to the records in his Court.

If a Judge, in passing sentence on a criminal, fails to recite all the facts that should be recited in the judgment, but the Clerk enters up the judgment on the minutes of the Court in due form and with the recitals required by law, that becomes the judgment of the Court. It is proper for the Clerk to put the judgment in form, and the adoption of the judgment by the Court make it a part of the record,

29

Ex Parte Salge.

*Musser, Johnson & Wells*, for Petitioner.

*Attorney General Nourse*, for the State, filed the following points:

The transcript of judgment is authority for the State Prison Warden to hold the prisoner. (Laws of 1861, p. 484, sec. 45.)

If that is not sufficient, the record of the judgment shows sufficient authority. The commitment is but the evidence of his authority.

In criminal cases the sentence is the judgment. In this case the judgment is intelligible and sufficient, rendered by a competent tribunal, and imposes a punishment prescribed by law.

The judgment need not recite the indictment, arraignment, etc.

It is not necessary the record should show affirmatively that time was given to the prisoner to show cause why sentence should not be prounced. It does show he was asked if he had any cause to show, and it does not appear that he asked time or desired to show cause.

A valid judgment cannot be attacked collaterally by this proceeding. (*People* v. *Cavanaugh*, 2 Abb. Pr. Rep. 84; *People* v. *Capels*, 5 Hill, 164; *Bennac* v. *People*, 4 Bar. 31.)

The facts of this case are stated in the opinion.

Opinion by BEATTY, J., Chief Justice LEWIS concurring.

Justice BROSNAN did not participate in the hearing of this case.

This was an application heard at chambers before two of the Judges of the Supreme Court, on the part of the petitioner to be released from confinement in the State Prison, in which he alleges he is illegally detained. That he "has never been, by the sentence or judgment of any Court of competent jurisdiction, in this State or elsewhere, adjudged or sentenced to imprisonment in said prison or otherwise for the commission of any crime."

The Warden of the State Prison, in addition to setting out his official character and the fact that as Warden of the prison he detains the prisoner, states these facts in his return : I further certify and return that said William Salge was, on the 20th day of July, 1865, placed in my charge and custody, as Warden of the State Prison of said State, by the Sheriff of Douglas County, in said State, under a commitment of which a copy is hereto annexed, marked "Exhibit A," under and by virtue of which I have held and still hold said William Salge in custody as Warden of the State Prison of Nevada. I further certify and return that said William Salge was, prior to said 20th of July, 1865, duly indicted by the Grand Jury of Douglas County, State of Nevada, and tried before the District Court of the Eighth Judicial District, Douglas County aforesaid, for the crime of grand larceny, and duly convicted thereof; and was by said Court sentenced upon said conviction to imprisonment, in the State Prison of the State of Nevada, for the term of three years, and that said term of imprisonment commenced on said 20th day of July, 1865, and is not yet expired.

[Exhibit " A."]

Eighth Judicial District Court,  }
Douglas County, State of Nevada. }

*State of Nevada* v. *William Salge.*—Now at this time said defendant, William Salge, being in Court and being ordered to stand up and receive his sentence, the Court proceeded to pronounce the following sentence, viz : " That you, William Salge, are hereby sentenced to imprisonment in the State Prison of the State of Nevada during the term of three years, for the crime of grand larceny, and that the Sheriff of said county be required to convey you there and deliver you into the hands of the Warden of said Prison."

State of Nevada, County of Douglas,  } ss.
Eighth Judicial District.              }

I, Joel A. Harvey, Clerk of the Eighth Judicial District Court of Douglas County, State of Nevada, do hereby certify that the above and foregoing is a full, true and correct copy of the original minutes which now remain on file and of record

in my office at Genoa, in said county and State.   In testimony
whereof I have hereunto set my hand and affixed the seal of
said Court, this 20th day of July, A. D. 1865.

JOEL A. HARVEY, Clerk.

The prisoner denied that any valid judgment had been ren-
dered sentencing him to imprisonment.   A record which was
brought up to the Supreme Court on appeal was, by consent
of parties, introduced as evidence in this case.   The points
made by the counsel of petitioner are : First—That the Warden
having shown that the prisoner was in custody under what he
styles a " commitment" in his return, could not go beyond that
commitment and show that he held him in custody by virtue
of a judgment of a Court, unless that judgment was fully set
out in the commitment.

Section 10 of the Habeas Corpus Act, among other things,
provides :  " The party upon whom such writ shall be duly
served shall state in his return, plainly and unequivocally, First
—Whether he have or have not the party in custody or under
his power or restraint.   Second—If he have the party in his
custody or power or under his restraint, he shall state the
authority and cause of such imprisonment or restraint, setting
forth the same at large.   Third—If the party be detained by
virtue of any writ, warrant or any other written authority, a
copy thereof shall be annexed to the return, and the original
shall be produced and exhibited to the Judge on the hearing
of such return."

The Court understands these sections differently from coun-
sel.   We understand that the third division of this section is
merely cumulative of the second.   The return should fully
state, as the second division requires, why the prisoner is
detained, and if there be any written authority for the deten-
tion, a copy thereof should be set forth in the officer's return,
*in addition* to the general statement of the cause of detention.
Second—The counsel for prisoner contend that there is no
valid judgment against prisoner, shown either by the copy of
commitment returned by the Warden or by the record which
was produced in evidence.   We differ from counsel on both
propositions.   The law provides :  " When a judgment has been

pronounced, a certified copy of the entry thereof in the minutes shall be forthwith furnished to the officer whose duty it is to execute the judgment, and no other warrant or authority is necessary to justify or require the execution thereof, except when judgment of death is rendered."

This document, which is termed a commitment, and made a part of the Warden's return, as shown above, contains a certified copy of what we conceive to be a valid judgment. Section 450 of the Criminal Practice Act is in these words: When judgment upon a conviction is rendered, the Clerk shall enter the same in the minutes, stating briefly the offense for which the conviction has been had, and shall, within five days, annex together and file the following papers, which shall constitute the record of the action : First—A copy of the minutes of any challenge which may have been interposed by the defendant to the panel of the Grand Jury, or to any individual Grand Juror, and the proceedings thereon. Second—The indictment and a copy of the minutes of the plea of, or demurrer. Third—A copy of the minutes of any challenge which may have been interposed of the panel of the trial jury, or to an individual juror, and the proceedings thereon. Fourth—A copy of the minutes of the trial. Fifth—A copy of the minutes of the judgment. Sixth—The bill of exceptions, if there be one. Seventh—The written charges asked of the Court, if there be any.

It appears to us that the judgment quoted in exhibit " A " contains all the statute requires to be contained in a judgment, in a criminal case, the sentence defining the punishment, and a statement of the offense for which the punishment is inflicted. The prisoner is held by virtue of the sentence of the Court, and the Warden needs no other warrant for holding him, except a copy of the judgment or sentence.

But the counsel for prisoner contend not only that the sentence or judgment of the Court is in itself insufficient to hold the prisoner, but that such as it is, it was never rendered by the Court but only by the Clerk; that the Clerk could not render any sentence or judgment. To make out this point they produce the record which was made out on appeal. In that record, on page 17, is the following: " Now at this time

said defendant, William Salge, being in Court, and having been informed by the Court of the nature of the indictment, and his plea, and the verdict of the jury, and being asked whether he had any legal cause to show why judgment should not be pronounced, and being ordered to stand up and receive his sentence, the Court proceeded to pronounce the following sentence : " That you, William Salge, are hereby sentenced to imprisonment in the State Prison of the State of Nevada, during the term of three (3) years, for the crime of grand larceny, and that the *Sheriff* of the county be required to convey you there and deliver you into the hands of the Warden of said prison."

This we take to be the judgment of the Court properly entered of record. The objection made to this judgment is, that in the recitals which precede the judgment, whilst it appears the prisoner was asked, " Whether he had any legal cause to show why judgment should not be pronounced," the words " against him," which should have followed the word " pronounced," are omitted. This objection we think rather more technical than substantial. It is not to be presumed that when the prisoner was asked as to whether he could show any legal cause why sentence should not be pronounced, that he was in any doubt as to the person on whom the sentence was to be pronounced, or that he received any detriment from the omission of the words " against him." On page 21 of the transcript is the following certificate of the Clerk of the Court before which the prisoner was tried.

[SENTENCE.]

The following was the sentence as pronounced by the Court :

The judgment of this Court is, that you, William Salge, are ordered, adjudged, and decreed to imprisonment in the State Prison of the State of Nevada, during the term of three years. And as the sentence appears in the minutes and the transcript, it was made and entered by the Clerk of said Court, without the order or direction of the Court.

JOEL A. HARVEY,
Clerk of the Eighth District Court.

GENOA, September 6, 1865.

It is contended this certificate shows that the judgment on page 17 of the transcript is not the judgment of the Court, but is a judgment rendered by the Clerk, and a different one from the judgment of the Court. The certificate last quoted is no part of the record, and proves nothing.

It is not such a certificate as the Clerk in his official capacity is authorized to give. It is no more than a written statement by a private individual, that the judgment entered in the records of the Court is not the real judgment of the Court. Such a certificate is a mere nullity. Suppose, however, in this case, that the certificate proves all counsel contend for, that the language used in that certificate was the language of the Judge in passing sentence, what difference could it make? The Judge, in passing sentence, or rendering judgment (for we conceive they both amount to the same thing), uses language neither expressing fully nor accurately his meaning, yet the Clerk understands him, and in entering the judgment of record uses more full, accurate, and appropriate language. The record, after it is made up by the Clerk, is approved and signed by the Judge. Can any one doubt this is the judgment of the Court? In both civil and criminal cases the judgment of the Court is usually given orally and without much regard to form. The Clerk then writes out the judgment in form (quite different, generally, from the language used by the Court or Judge), the Court approves the judgment as written out, and thereby makes it the judgment of the Court. Certainly there is nothing improper or irregular in such a course. The prisoner must be remanded to the custody of the Warden of the State Prison, to be by him detained until the expiration of his term of service, or until otherwise legally discharged.