DON ALLGOOD, ALSO KNOWN AS D. ALLGOOD, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 4458

June 18, 1962                                           372 P.2d 466

*Harry D. Anderson,* of Reno, for Appellant.

*Roger D. Foley,* Attorney General, and *George G. Holden,* District Attorney, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Does this court have jurisdiction to review a criminal case when the notice of appeal is filed *before* final judgment? This question is presented by respondent's motion to dismiss the instant appeal. The record discloses the following chronology:

August 1, 1961, a jury returned its verdict finding Allgood guilty of the crime of unlawful possession and control of marijuana, a narcotic drug.

August 1, 1961, Allgood filed a "notice of appeal," stating that he "appeals to the Supreme Court of Nevada from the judgment of conviction entered against said defendant by the Third Judicial District Court in and

for the County of Lander, State of Nevada, on the 1st day of August, 1961."

August 8, 1961, the court pronounced judgment on the jury verdict by its imposition of sentence. Ex parte Salge, 1 Nev. 449. A notice of appeal was not thereafter filed.

The provision of NRS 177.060, relevant to this case, permits an appeal to the Supreme Court from a *final judgment* of the district court. It is apparent that the so-called "judgment of conviction" entered August 1, 1961, mentioned in appellant's notice of appeal, cannot mean the pronouncement of judgment by the court made seven days later. We are compelled to construe said notice either as an appeal from the verdict of the jury, or as a notice of intention to later file an appeal from the final judgment of the district court if and when that event occurs. In either instance the appeal must fail. A verdict of the jury is not a judgment of the court, nor is it a final determination. Indeed, after the jury verdict is returned but before the time appointed for pronouncing judgment, judgment may be arrested or a new trial granted. NRS 175.540, 175.560, 176.010. The only appeals authorized before pronouncement of final judgment are as provided by NRS 177.060(2)(b), namely, from an order of the district court allowing a demurrer or granting or refusing a new trial. Neither is involved here. Nor may we consider a notice of intention later to appeal to be a notice of appeal. State v. Preston, 30 Nev. 301, 95 P. 918, 97 P. 388.

Appellant urges upon us that the instant appeal should not be dismissed because the premature filing of the document labeled "notice of appeal" is not a substantial irregularity. NRS 177.170. We do not agree. Our jurisdiction to review this case has never been invoked. The mentioned statute does not confer appellate jurisdiction in criminal cases. It relates only to irregularities in the appeal occurring *after* appellate jurisdiction has attached. The case of State v. Plunkett, 62 Nev. 258,

142 P.2d 893, 149 P.2d 101, is an example. There the defendant, after final judgment and appeal therefrom, was tardy in presenting the bill of exceptions for settlement. This court excused the delay.

The basic authority relied upon by appellant in seeking to preclude dismissal of his appeal is the United States Supreme Court decision in Lemke v. United States, 346 U.S. 325, 74 S.Ct. 1, 98 L.Ed. 3. It was there held that a notice of appeal filed *after* sentence but before formal entry of judgment would be considered as an irregularity not affecting substantial rights under Rule 52(a) of the Federal Rules of Criminal Procedure. *Lemke* is different from the case at bar for two substantial reasons. First, sentence had there been imposed before the notice of appeal was filed. The imposition of sentence may be considered a "final judgment." Miller v. Aderhold, 288 U.S. 206, 53 S.Ct. 325, 77 L.Ed. 702; Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204. Nevada so considers it. Ex parte Salge, 1 Nev. 449. In the present case the so-called "notice of appeal" was filed before pronouncement of judgment and imposition of sentence. Second, the Federal Rules of Criminal Procedure provide for the motion for new trial, or, in arrest of judgment, to be made *after* entry of judgment. The opposite is true in Nevada. Thus we see that in federal criminal practice the court judgment will inevitably accord with the jury verdict subject to later change upon post judgment motions, while in Nevada criminal practice the court judgment may not affirm the jury verdict depending upon the court's view of *prejudgment* motions. This being so, it is understandable that a federal court might consider a jury verdict to be a final judgment. Belton v. United States, 104 U.S. App.D.C. 81, 259 F.2d 811. However, the mentioned Nevada statutes forbid our doing so.

For the reason given, respondent's motion to dismiss this appeal is granted.

BADT, C. J., and MCNAMEE, J., concur.