EARL FAIRMAN, JR., APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 5183

June 15, 1967 429 P.2d 63

*Babcock & Sutton,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *James D. Santini,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Earl Fairman, Jr., was indicted on March 16, 1966 for the sale of narcotics (Count I) and for possession of narcotics (Count II), both arising out of the same transaction. He was convicted for the sale and acquitted on the count of possession. He appeals from the denial of his motion for new trial on the grounds that the prosecution committed reversible error by questioning him about a prior conviction; and on the further ground that the jury's verdict, finding him guilty of sale but not guilty of possession, was inconsistent and invalid.

1. The first ground of alleged error relates to a prior trial upon the same charges. The trial occurred a week before in another department of the same court, and arose from a different transaction than the one involved here. The jury trial

returned a verdict of guilty which was later reversed in Fairman v. State, 83 Nev. 137, 425 P.2d 342 (1967).

During the cross-examination of Fairman in the present trial, he was asked if he had ever been convicted of a felony. When Fairman answered in the negative, the prosecution in rebuttal called the court clerk, who had been in attendance at the previous trial. She testified to the fact of the jury verdict of guilty. The essence of the objection to this assignment of error is that the final judgment had not yet been entered in the previous case.

 █

When an accused offers himself as a witness, he may be examined on whether he has been previously convicted of a felony. NRS 48.130. Proper evidence of the prior conviction, in the event he denies such past history, is the record of a judgment of conviction. 3 Wigmore, Evidence § 980 (3rd Ed. 1940).

 ██

A verdict of the jury is not a judgment of the court, nor is it the final determination. Allgood v. State, 78 Nev. 326, 328, 372 P.2d 466 (1962); People v. Marendi, 107 N.E. 1058, 1063 (N.Y. 1915). It follows that Fairman's answer of "No" to the question was the truth, because the entry of judgment on the verdict and sentencing had been postponed past this present trial. He contends now that the prosecution was unable, at the time the question was propounded, to show by competent evidence that his answer was untrue, that no further question on the subject should have been permitted, and, in fact, that the question should not have been asked at all. People v. Marendi, supra.

It is true that without a properly authenticated copy of Fairman's conviction of the week before, no proof could otherwise be made of it. It was error for the prosecution to ask the question because it was unprepared to prove its existence in the event of Fairman's denial. The error was compounded by attempting to introduce the verdict through the testimony of the court clerk who was present when the verdict was returned. When the trial court realized the incompetency of the testimony, it granted defense counsel's motion to strike the testimony and instructed the jury to disregard it—and properly so.

 █

Appellant cites State v. Stago, 312 P.2d 160, 161 (Ariz. 1957), as authority that, under these circumstances, the error

of allowing Fairman's past history before the jury was inherently prejudicial, thus compelling reversal. In our view, however, State v. Polan, 278 P.2d 432, 437 (Ariz. 1954), softens that conclusion considerably and belies the use of that holding as support for so far-reaching a statement.

A close review of the record reflects that even had the error not been committed, the verdict would have been the same. We are satisfied beyond a reasonable doubt that the error committed was harmless. NRS 169.110; Chapman v. California, 386 U.S. 18, 17 L.Ed.2d 705 (1967). Cf. Walker v. Fogliani, 83 Nev. 154, 425 P.2d 794 (1967). Moreover, where counsel has grounds for asking a question, and timely objection is made and sustained, any error in the question is not prejudicial. State v. Swiger, 214 N.E.2d 417, 427 (Ohio 1966).

2. We now direct our attention to the assertion that the verdicts of the jury, not guilty as to possession but guilty as to sale, were inconsistent and therefore invalid. The verdicts were consistent and consonant with our holding in Fairman v. State, supra. In the first Fairman case we held that if the possession was incident to the sale there could be only one conviction—either for sale or possession, but not both. The court so instructed the jury in the present case. The jury followed that instruction when it found the defendant guilty of one crime and not guilty of the other. We perceive no error.

The judgment is affirmed.

COLLINS, J., concurs.

THOMPSON, C. J., dissenting:

I agree that the prosecutor erred when he asked the defendant whether he had been convicted of a felony. However, I do not share the majority's view that the mistake was harmless. The improper suggestion that the defendant is an ex-felon is per se damaging. Prejudice inheres in that suggestion, and the defendant's right to a fair trial is not adequately protected by the court's admonition to the jury to ignore the suggestion and forget it.

My view was first expressed on this subject in a dissenting opinion in Walker v. State, 78 Nev. 463, 376 P.2d 137 (1962). There, the suggestion was placed before the jury by the prosecutor in his opening statement. Five years later the

Walker case came before us once more. Walker v. Fogliani, 83 Nev. 154, 425 P.2d 794 (1967). On that occasion, MR. JUSTICE ZENOFF, the writer of the majority opinion in today's case, shared my view, stating: "Reference to past criminal history is reversible error." The same underlying theme was again expressed in my dissenting opinion in Pacheco v. State, 82 Nev. 172, 414 P.2d 100 (1966), where comment about the defendant's status as an ex-felon came to the jurors attention during trial through the reading of newspapers. The cases of Garner v. State, 78 Nev. 366, 374 P.2d 525 (1962), and Tucker v. State, 82 Nev. 127, 412 P.2d 970 (1966), bear generally upon the same subject. The convictions in Garner and Tucker were reversed and a new trial ordered.

It is desirable to strive for a consistent treatment of this issue. Many errors do not carry inherent prejudice and the appellate court may properly exercise the discretion given by the doctrine of harmless error and decide whether to affirm or reverse. On the other hand, it is the common experience of man that other kinds of error inevitably tend to divert the jurors attention from the merits of the case and encourage a conviction on false assumptions or irrelevant information. The false suggestion that the defendant is an ex-felon falls within this category of error, and, in my opinion, leaves no room for resort to the rule of harmless error.

In this case the suggestion that the defendant had been found guilty of a crime the week before in another case was forcefully placed before the jury. When the defendant testified, he denied having been convicted of a felony. His denial was correct. The jury's guilty verdict of the previous week was not a conviction. Allgood v. State, 78 Nev. 326, 372 P.2d 466 (1962). That verdict could be set aside and a new trial granted before the time appointed for pronouncement of judgment and sentence. NRS 175.540. Judgment had not been entered upon that verdict. A "conviction" had not occurred. In an effort to impeach the defendant, the prosecutor, on rebuttal, called the deputy county clerk, who testified, over vehement objection, that she was present in court the week before when the jury returned a guilty verdict against the defendant. Of course, her testimony was not proof. An authenticated record of the conviction (had there been one) is required. A judicial record of this state is to be proved by the original or a certified copy thereof. NRS 49.040. The judicial record of another state, if to be accorded full faith and credit, shall be proved by an exemplified copy of such record. 28 U.S.C. § 1738. It is manifest that the court should have sustained defense counsel's

objection to the clerk's testimony for two reasons; the defendant had not, in fact, been convicted of a felony; and, in any event, the method of proof was improper. The court's action striking the testimony from the record came too late. The damage had been accomplished. Each juror knew that the defendant had previously been found guilty of a crime. The court admonition could not erase that knowledge, nor am I willing to assume that the admonition was followed in deciding the merits of the present case.

I respectfully dissent.