# IN THE SUPREME COURT OF THE STATE OF NEVADA

FERNANDO ROBLES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66593

FILED

OCT 17 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of fifteen counts of lewdness with a child under the age of 14, five counts of statutory sexual seduction, two counts of sexual assault with a minor under the age of 14, and one count of attempted sexual assault with a minor under the age of 14. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant Fernando Robles sets forth multiple claims for relief. We conclude he is entitled to relief only by the reversal of count 19, as the State amended this count after both sides had rested and changed the method of the crime, and by the dismissal of counts 1, 3, 5, 8, 10, 11, and 13, as these counts were set aside by the district court.

*Sufficiency of the evidence*

Robles claims that insufficient evidence was adduced to support many of the charges. "When reviewing a criminal conviction for sufficiency of the evidence, this court determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt when viewing the evidence in the light most favorable to the prosecution." *Brass v. State*, 128 Nev. 748, 754, 291 P.3d 145, 149-50 (2012); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "'This court will not reweigh the evidence or evaluate the credibility of witnesses

16-32291

because that is the responsibility of the trier of fact.'" *Clancy v. State*, 129 Nev., Adv. Op. 89, 313 P.3d 226, 231 (2013) (quoting *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008)).

First, Robles argues that because there was no competent testimony as to how many times he touched and/or penetrated the victim digitally and because the victim only testified with specificity about one incident, count 14 (lewdness) must be dismissed for insufficient evidence.[1] This court has "repeatedly held that the testimony of a sexual assault victim alone is sufficient to uphold a conviction," and that "the victim must testify with *some* particularity regarding the incident." *LaPierre v. State*, 108 Nev. 528, 531, 836 P.2d 56, 58 (1992) (emphasis in original). Additionally, we have recognized that "it is difficult for a child victim to recall exact instances when the abuse occurs repeatedly over a period of time," and held that the victim need not "specify exact numbers of incidents, but there must be some reliable indicia that the number of acts charged actually occurred." *Id.* Here, Robles concedes that the victim testified to one incident with specificity. The victim also testified that she told the detective Robles' hand touched her vagina every time he attempted sexual intercourse, an estimated nine times.[2] We conclude that the testimony, when viewed in the light most favorable to the prosecution, was sufficient for a rational trier of fact to find Robles guilty beyond a

---

[1]As we have directed below that count 13 be dismissed, we need not consider the sufficiency of the evidence for this count.

[2]To the extent Robles argues that any lewd act of touching the victim's vagina would be incidental to an act of vaginal intercourse and therefore could not support a separate conviction for lewdness, we conclude there is no merit to this claim because Robles was not convicted of vaginal intercourse with the victim. *See infra.*

reasonable doubt of count 14 for "using his hand(s) and/or finger(s) to touch and/or rub and/or fondle the [victim's] genital area."

Second, Robles argues that because the State never asked the victim how many times Robles kissed her or if he kissed her more than once, there was insufficient evidence for both counts 22 and 23 (lewdness). The victim testified that, at least weekly while Robles lived at her residence, she and Robles would kiss while they were on his bed. *See Rose v. State*, 123 Nev. 194, 203-04, 163 P.3d 408, 415 (2007). The victim also testified that, in the morning when no one else was at the residence, she would go into Robles room where he would start kissing her until he had to leave for work. We conclude that Robles' convictions for counts 22 and 23 were supported by sufficient evidence.

Third, Robles argues that because there was overwhelming evidence of consent, no reasonable juror could have found him guilty of the sexual assault in count 7. We conclude that a rational juror could find that Robles committed the sexual assault where the victim was 11 or 12 years old at the time and testified that she did not want to do these things with Robles, that Robles never asked her if she wanted to do the sexual acts, but that she went along with it because she thought Robles might do something to her if she said no.[3]

Fourth, Robles argues that because the victim's statements, both at trial and to law enforcement, were contradictory as to whether Robles anally penetrated her, there was insufficient evidence for count 9

---

[3]We reject Robles' contention that the jury's finding of statutory sexual seduction in five of the seven sexual assault counts precludes a finding on count 7 that the victim did not consent or was incapable of consent or of understanding the nature of the conduct.

 

(sexual assault). A review of the record reveals that the victim's testimony provided a basis upon which a rational trier of fact could have found Robles guilty of the sexual assault in count 9. *See Conner v. State*, 130 Nev., Adv. Op. 49, 327 P.3d 503, 507 (2014) ("It is the jury's function, not that of the court, to assess the weight of the evidence and determine the credibility of witnesses, and a verdict supported by substantial evidence will not be disturbed by a reviewing court." (internal quotation marks omitted)).

*Statement to police*

Robles claims the district court violated his right to confrontation and due process by ruling that he would open the door to a prior bad act if he introduced certain portions of his statement to the police. Robles argues that he was prevented from effectively cross-examining witnesses and from presenting exculpatory evidence, a meaningful defense to the charge of sexual assault, evidence of the voluntariness of his confession, the context of his admissions, and evidence of the inadequate police investigation.[4] He also claims the prior bad act was irrelevant to the issue of consent and would have been unduly prejudicial if introduced.

Robles' statement constituted inadmissible hearsay, unless it was offered by the State as an admission of a party opponent, and Robles fails to identify an exception that would have allowed him to introduce his statement. *See* NRS 51.035. As to NRS 47.120, the rule of completeness,

---

[4]On cross-examination of the detective, Robles elicited testimony as to the length of the interview, the detective's use of techniques to elicit a confession, the failure to interview Lopez, and the failure to conduct any further investigation after Robles was arrested.

 

the rule "does not compel admission of otherwise inadmissible hearsay evidence." *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996). Further, "a court may impose reasonable limits on cross-examination without violating the Confrontation Clause," and "[p]recluding [a defendant] from eliciting inadmissible hearsay on cross-examination . . . is not the type of severe limitation on cross-examination that violates the Confrontation Clause." *United States v. Ortega*, 203 F.3d 675, 682-83 (9th Cir. 2000); *see also United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988) (finding that due process does not require a defendant be allowed to present exculpatory hearsay statements); *Rose*, 123 Nev. at 205 n.18, 163 P.3d at 416 n.18 ("Although a criminal defendant has a due process right to 'introduce into evidence any testimony or documentation which would tend to prove the defendant's theory of the case,' that right is subject to the rules of evidence." (quoting *Vipperman v. State*, 96 Nev. 592, 596, 614 P.2d 532, 534 (1980))). "If the district court were to have ruled in his favor, [Robles] would have been able to place his exculpatory statements before the jury without subjecting [himself] to cross-examination, precisely what the hearsay rule forbids." *Ortega*, 203 F.3d at 682 (internal quotation marks omitted). Accordingly, we conclude that Robles' rights to confrontation and due process were not violated by the district court's ruling. *See Chavez v. State*, 125 Nev. 328, 339, 213 P.3d 476, 484 (2009) ("[W]hether a defendant's Confrontation Clause rights were violated is ultimately a question of law that must be reviewed de novo." (internal quotation marks omitted)).

*Jury instructions*

Robles claims the district court erred by rejecting his proposed jury instructions. "The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an

abuse of that discretion or judicial error." *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). We conduct a de novo review to determine whether a jury instruction was an accurate statement of law, *Funderburk v. State*, 125 Nev. 260, 263, 212 P.3d 337, 339 (2009), and the defense is not entitled to jury "instructions that are misleading, inaccurate, or duplicitous," *Crawford*, 121 Nev. at 754, 121 P.3d at 589.

Robles first argues that the district court failed to give his proposed jury instruction regarding multiple sexual acts, which he argues was a more accurate statement of law because it instructed the jury that "it could not find [Robles] guilty of lewdness counts that were merely to predispose the alleged victim to a count of sexual assault." For this language, Robles relies on *Crowley v. State*, 120 Nev. 30, 33-34, 83 P.3d 282, 285-86 (2004), and *Townsend v. State*, 103 Nev. 113, 120-21, 734 P.22d 705, 709-10 (1987). However, these cases demonstrate that language regarding predisposition is appropriate when the State seeks to convict the defendant of both sexual assault and lewdness for a given incident. Here, the State charged Robles with sexual assault and lewdness for each incident but did so in the alternative, thereby distinguishing this case from *Crowley* and *Townsend*. As Robles fails to demonstrate that this language was necessary when the State charged an incident in the alternative, he fails to demonstrate the district court abused its discretion when it rejected this jury instruction. *See Crawford*, 121 Nev. at 748, 121 P.3d at 585.

Robles next argues that because he cannot be *convicted* of both sexual assault and lewdness for a given act, the jury should have been instructed that he can only be *found guilty* of one crime. *See State v. Koseck*, 113 Nev. 477, 479, 936 P.2d 836, 838 (1997) ("[M]ultiple *convictions* for lewdness and sexual assault based on the same act would

not comport with legislative intent and would be unlawful." (emphasis added)).[5] However, a guilty verdict is not a conviction. *See Fairman v. State*, 83 Nev. 287, 289, 429 P.2d 63, 64 (1967) (distinguishing between a verdict and a judgment of conviction and concluding that "[a] verdict of the jury is not a judgment of the court, nor is it the final determination"); *see also id.* at 291, 429 P.2d at 65 (Thompson, C.J., dissenting) (deducing that a verdict of guilty is not a conviction as it can be set aside or a new trial granted before judgment is entered and the defendant convicted). Moreover, as noted above, the State charged the crimes of sexual assault and lewdness in the alternative, and Robles would not have been convicted of both crimes charged in the alternative. Therefore, we conclude the district court did not abuse its discretion by rejecting the instruction.

Robles last argues that the district court failed to give his inverse instructions on consent, sexual penetration, lewdness, and the specificity required to establish the number of sexual acts. While we agree with Robles that the district erred in refusing to give his inverse instructions, *see Crawford,* 121 Nev. at 753, 121 P.3d at 588 ("[S]pecific jury instructions that remind jurors that they may not convict the defendant if proof of a particular element is lacking should be given upon request," and the giving of a positive instruction on the elements of a crime "does not justify refusing a properly worded negatively phrased position or theory instruction." (internal quotation marks omitted)), we

---

[5]To the extent Robles argues that the jury should have been instructed that the crimes of lewdness and sexual assault are mutually exclusive and that, by definition, the jury could not find that the same act constituted sexual assault and lewdness, the State did not allege the same conduct for the two crimes and did not run afoul of the mutual exclusivity language of NRS 201.230(1)(a).

conclude that the error was harmless as the jury was accurately instructed on consent, sexual penetration, lewdness, and the specificity required to establish the number of sexual acts and as the verdicts were not attributable to the district court's failure to give these inverse instructions. *See Guitron v. State*, 131 Nev., Adv. Op. 27, 350 P.3d 93, 102-03 (Ct. App. 2015) (holding the district court's failure to give an inverse elements instruction was harmless error where the jury was correctly instructed on the elements of the crime and substantial evidence supported the verdict); *see also Crawford*, 121 Nev. at 756, 121 P.3d at 590 (concluding that error in failing to give an instruction is harmless if the jury was accurately instructed on the law and the reviewing court is "convinced beyond a reasonable doubt that the jury's verdict was not attributable to the error").

*Hearsay*

Robles next claims the district court abused its discretion by admitting hearsay statements the victim made to an officer and to Lopez in violation of his right to confrontation.[6] Robles contends that he was unable to cross-examine the victim about her out-of-court statement to the officer and that Lopez's testimony was used merely to bolster the State's case without a limiting instruction.

As to the victim's statements to the officer, Robles could have asked the court to recall the victim as a witness so that he could cross-

---

[6]Robles also argues that the district court abused its discretion by admitting hearsay statements through the victim's father. We conclude that no prejudice resulted where the father's testimony was immediately objected to and sustained by the district court and where the verdict would have been the same had the testimony been stricken. *See Weber v. State*, 121 Nev. 554, 577-79, 119 P.3d 107, 123-24 (2005).

examine her about her prior statements.[7] *See Felix v. State*, 109 Nev. 151, 191-93, 849 P.2d 220, 247-48 (1993) (recognizing that when a defendant is given an opportunity to cross-examine a declarant about a hearsay statement, even if the opportunity requires the declarant be recalled to the stand after another witness recounts the declarant's prior statement, there is no Confrontation Clause violation), *superseded on other grounds by statute as stated in Evans v. State*, 117 Nev. 609, 625, 28 P.3d 498, 509-10 (2001). Robles did not make such a request, and thus we conclude that he has not shown any error with regard to the order in which the witnesses testified. *See Medina v. State*, 122 Nev. 346, 353, 143 P.3d 471, 476 (2006) ("A trial court's evaluation of admissibility of evidence will not be reversed on appeal unless it is manifestly erroneous.").

Additionally, Robles claims the district court abused its discretion by allowing the officer to testify as to prior inconsistent statements. We discern no abuse of discretion after concluding Robles had the opportunity to cross-examine the victim about her prior inconsistent statements. *See* NRS 51.035(2)(a); *Fields v. State*, 125 Nev. 785, 795, 220 P.3d 709, 716 (2009) (reviewing a district court's determination as to a hearsay exception for an abuse of discretion). To the extent the district court allowed the officer to testify as to the victim's prior consistent statements without determining that there was an express or implied charge of fabrication on the part of the victim and that the victim had no motive to fabricate at the time the prior consistent statement was made, *see Patterson v. State*, 111 Nev. 1525, 1531-32, 907 P.2d 984, 988-89

---

[7]The record indicates that after testifying, the victim was not excused but was subject to recall.

(1995), we conclude the introduction of this evidence was harmless as the same testimony was introduced through the victim and as Robles had the opportunity to cross-examine her, *see Lincoln v. State*, 115 Nev. 317, 321, 988 P.2d 305, 307 (1999).

As to the victim's statements to Lopez, we conclude that her statement was not testimonial and therefore there was no Confrontation Clause violation. *See Crawford v. Washington*, 541 U.S. 36, 51, 68 (2004) (holding that the Confrontation Clause prohibits the use of a *testimonial* statement made by an unavailable witness unless the defendant had an opportunity to previously cross-examine the witness about the statement); *Pantano v. State*, 122 Nev. 782, 789, 138 P.3d 477, 481-82 (2006). Additionally, Robles had the opportunity to cross-examine the victim about her statements to Lopez. Therefore, no relief is warranted on this claim.

*Evidence*

Robles claims the district court erred in admitting evidence of bloody underwear the victim's father found in the backyard. We review a district court's decision to admit or exclude evidence for an abuse of discretion. *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). While we agree with Robles that this evidence was unfairly prejudicial and ultimately irrelevant, we conclude that any error in admitting this evidence was harmless beyond a reasonable doubt as the victim's father testified that the victim denied the underwear was hers and that the underwear was too big for the victim and as the evidence against Robles was overwhelming, including his confession and argument at trial that he had a relationship with the victim and that she agreed to engage in sexual acts with him. *See Estes v. State*, 122 Nev. 1123, 1141, 146 P.3d 1114, 1126 (2006).

SUPREME COURT
OF
NEVADA

(O) 1947A

10

*Amendment of information*

Robles claims the district court abused its discretion by allowing the State to amend count 19 (attempted sexual assault) to conform to the evidence presented after both sides had rested. "The court may permit an indictment or information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." NRS 173.095(1). We agree with Robles that the amendment "completely changed the method by which [Robles] allegedly committed the criminal act," *Green v. State*, 94 Nev. 176, 178, 576 P.2d 1123, 1124 (1978) (concluding that such an amendment after the defense had rested was one of substance and clearly prejudiced the defendant), and that the amendment prejudiced his substantial rights. Accordingly, we reverse the conviction for count 19.

*Prosecutorial misconduct*

Robles claims that numerous instances of prosecutorial misconduct warrant reversal. He first argues the State denigrated the defense when it argued that Robles had shifted the blame to the police and the lack of a thorough investigation. Robles did not object to this argument, and we review for plain error. *Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008). We conclude there is no plain error when the State reasonably responded to Robles' challenge to the quality of the police investigation. *See Evans*, 117 Nev. at 630, 28 P.3d at 513.

Next, Robles claims the State committed prosecutorial misconduct by improperly vouching for the victim's credibility in rebuttal argument. We conclude this error does not warrant reversal as it did not substantially affect the jury's verdict where Robles' objection was sustained, the prosecutor went on to argue another point, and the jury was instructed that statements and arguments of counsel were not to be

considered evidence. *See Summers v. State*, 122 Nev. 1326, 1333, 148 P.3d 778, 783 (2006) ("[T]his court generally presumes that juries follow district court orders and instructions.").

Third, Robles argues that the State improperly shifted the burden of proof when it argued in rebuttal that Robles could have introduced his complete statement to the police in order to put into context individual statements already entered into evidence. Robles objected, and the district court sustained the objection, reminding the jury that Robles did not have a burden in the case but that the burden of proof was with the State. When the State attempted to rephrase the argument, Robles again objected, and the district court ordered the State to move on to another argument. We conclude this argument by the State was in error; however, we further conclude that the error was harmless as it, beyond a reasonable doubt, did not contribute to the verdict, particularly when the objection was sustained and the district court immediately reminded the jury that Robles had no burden of proof and that the burden remained solely with the State. *See Valdez*, 124 Nev. at 1189, 196 P.3d at 476.

Fourth, Robles claims that the State argued facts not in evidence when it argued that Robles had engaged in grooming behaviors with the victim because there was no expert testimony at trial regarding the term "grooming." The district court explained that it allowed the State to continue to use the word because, while "grooming" can be a term of art, it can also be a commonly known word used within its common definition, and the district court found that the State argued within its common definition when it argued that Robles did several things to build trust and get along with the victim. We discern no error. *See Perez v. State*, 129 Nev., Adv. Op. 90, 313 P.3d 862, 868 (2013) (suggesting that a lay juror may not need expert testimony to explain that a defendant's behavior

(O) 1947A

demonstrated "a definite design on engaging in sexual conduct with the victim").

Fifth, Robles argues that the State repeatedly argued in closing and rebuttal that if the jury found Robles guilty of sexual assault it necessarily had to find him guilty of the alternatively-charged lewdness count, thereby improperly directing a verdict on the lewdness counts. Robles objected to the use of the word necessarily, and the prosecutor clarified it was a logical argument: "That's what I mean by necessarily, not that you're forced to do anything. It's up to you, and that continues all the way through for all of those counts." Additionally, the district court noted that the State was making a legal and logical argument but that the verdict is always up to the jury and what it considers to be the appropriate verdict for each count. We discern no error in this regard.

Sixth, Robles claims that the State inflamed the passions of the jury when it argued that the victim was "all messed up because we don't do this [engage in sexual conduct] to 11-year-old children. We don't. He does." Robles did not object to this statement, and we conclude that he fails to demonstrate any error affecting his "substantial rights, by causing actual prejudice or miscarriage of justice." *Valdez*, 124 Nev. at 1190, 196 P.3d at 477 (internal quotation marks omitted).

*Cumulative error*

Robles claims that the cumulative effect of errors deprived him of his right to a fair trial and warrants reversal. When evaluating whether cumulative error warrants reversal, we consider "(1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the crime charged." *Valdez*, 124 Nev. at 1195, 196 P.3d at 481 (internal quotation marks omitted). While the charges against Robles were serious, the issue of guilt was not close as Robles confessed to sexual

 

conduct with the victim and as Robles' defense at trial was that the 11- or 12-year-old victim consented to the sexual conduct. And the quantity and character of the few errors identified herein are not so egregious as to warrant reversal.

*Cruel and unusual punishment*

Robles claims that his sentence constitutes cruel and unusual punishment because he received an aggregate sentence similar to a convicted murderer for conduct that did not cause substantial physical harm. Regardless of its severity, a sentence that is within the statutory limits is not "cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience." *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that the Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime). Robles does not allege that the sentencing statutes are unconstitutional, and the sentences imposed in this case are within the parameters provided by the relevant statutes, NRS 193.330(1)(a)(1); NRS 200.366(3)(c); NRS 201.230(2). Considering the circumstances of the crimes and Robles' criminal history, we are not convinced that the sentences imposed are so grossly disproportionate to those crimes as to constitute cruel and unusual punishment.

*Judgment of conviction*

We conclude the district court erred by setting aside counts 1, 3, 5, 8, 10, 11, and 13 instead of ordering them dismissed. On remand, the

 

district court must dismiss these counts and enter an amended judgment of conviction.

For the reasons stated above, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc:    Hon. Valerie Adair, District Judge
       Clark County Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk